UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 23-14370-CIV-CANNON

**ROBERT ALLEN AUSTIN**,

    Plaintiff,

v.

**ELIZABETH ROSE MCHUGH and
JAMES WALTER MCCANN**,

    Defendants.

_____/

## ORDER DISMISSING CASE

**THIS CAUSE** is before the Court sua sponte. Plaintiff Robert Allen Austin, proceeding pro se, initiated this lawsuit by filing a Complaint on November 27, 2023, against Circuit Court Judge James Walter McCann and Court Magistrate Elizabeth Rose McHugh [ECF No. 1]. For the following reasons, this action is **DISMISSED WITH PREJUDICE**.

### FACTUAL BACKGROUND

As alleged, Plaintiff sues two judges for allegedly "us[ing] an [a]ct of fraud to get plaintiff to consent to a illegal Motion to find respondent guilty by force for an indirect contempt of an illegal case hearing" [ECF No. 1 p. 4]. Plaintiff states that "Judge McCann signed the recommendation by Magistrate McHugh," and that both judges were "acting in their [o]fficial [c]apacity" [ECF No. 1 p. 4]. Plaintiff asserts that this action arises under the Fourth, Thirteenth, and Fourteenth Amendments [ECF No. 1 p. 3]. Plaintiff requests "$9.0 trillion in actual damages" and "1.0 [t]rillion in punitive [d]amages" [ECF No. 1 p. 4]. Thereafter, Plaintiff has filed various incoherent and/or clearly procedurally proper Motions [ECF No. 6 ("Motion for Summary

Judgment: For an Illegal Act of Fraud"); ECF No. 9 ("Motion: Request, Amend, Adjust tolling Time for Motion: Summary Judgment"); ECF No. 10 (Motion "of a staked claim by a Free Mason"); ECF No. 11 ("Motion: A Written Warning Shot is being sent Across your Bow(s) BY Me, Myself and I, Robert Allen Austin/ROBERT ALLEN AUSTIN")]. Plaintiff has also previously filed suit against these same judges in the Southern District of Florida for similarly meritless claims. *See Austin v. McCann, et al.*, No. 20-cv-14367-DMM (S.D. Fla. Oct. 30, 2020) (sua sponte dismissal), *aff'd*, *Austin v. Judge*, 851 F. App'x 173 (11th Cir. 2021), *cert. denied sub nom. Austin v. McCann*, 142 S. Ct. 770 (2022), *reh'g denied*, 142 S. Ct. 1195 (2022); *see also Austin v. McHugh et al.*, No. 22-cv-14225-AMC (S.D. Fla. Aug. 8, 2022) (dismissing nearly identical suit on the basis of absolute judicial immunity), *aff'd*, *Austin v. McCann,* No. 22-13157, 2023 WL 3335312 (11th Cir. May 10, 2023).

## LEGAL STANDARDS

When a complaint is patently frivolous or based on an indisputably meritless legal theory, and where amendment would be clearly futile, a district court has discretion to dismiss a complaint without giving plaintiff notice or an opportunity to respond. *Surtain v. Hamlin Terrace Found*, 789 F.3d 1239, 1248 (11th Cir. 2015); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

In determining whether to dismiss a complaint, a court must accept as true all factual allegations and construe them in the light most favorable to Plaintiff to determine if Plaintiff has stated a plausible claim for relief on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017). A district court may dismiss a complaint for failure to state a claim based upon an affirmative defense that is "an

obvious bar given the allegations" even if the defendant has not asserted the defense. *Sibley v. Lando*, 437 F.3d 1067, 1070 n.2 (11th Cir. 2005). The Eleventh Circuit has affirmed a district court's sua sponte dismissal of a claim as patently frivolous and/or clearly unviable on absolute judicial immunity grounds. *See, e.g.*, *Burlison v. Angus*, 737 F. App'x 523, 524 (11th Cir. 2018) (affirming district court's sua sponte dismissal of plaintiff's Section 1983 action against a state clerk as being "patently frivolous because its central claim was obviously barred by judicial immunity"); *Austin*, 851 F. App'x at 174.

## DISCUSSION

The present case is subject to dismissal because there is no question that Plaintiff's suit against the subject judges is patently unviable given the doctrine of absolute judicial immunity.

"Judges are entitled to absolute judicial immunity from civil actions for the performance of judicial acts as long as they are not done "in the clear absence of all jurisdiction." *Sibley*, 437 F.3d at 1070; *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994). A judge acts in his or her judicial capacity by performing normal judicial functions, in chambers or open court, in cases pending before the judge. *Sibley*, 437 F.3d at 1070. Absolute judicial immunity extends to both cases seeking damages and injunctive relief against a judge. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000).

Here, Plaintiff sues both Defendants "in their [o]fficial [c]apacity" as judicial officers for actions taken in their normal judicial capacity, such as signing recommendations and entering court orders in a case pending before them [ECF No. 1 p. 4]. Nothing in Plaintiff's filings indicates that the judicial officers were acting "in the clear absence of all jurisdiction." *See Sibley*, 437 F.3d at 1070. Thus, Defendants are entitled to absolute judicial immunity for their actions in the proceedings identified by Plaintiff, and any argument that Plaintiff could make to the contrary

CASE NO. 23-14370-CIV-CANNON

would be without any arguable merit. *See Sibley*, 437 F.3d at 1070; *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). Further, any amendment by Plaintiff clearly would be futile and could not overcome the judicial immunity doctrine, warranting dismissal with prejudice. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITH PREJUDICE**.
2. The Clerk of the Court shall **CLOSE THIS CASE**.
3. All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 7th day of December 2023.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

Robert Allen Austin
5996 S.W. Markel Street
Palm City, Florida 34990
(772) 882-5114
Email: robert_austin46@aol.com
PRO SE PLAINTIFF